**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CONFIGAIR LLC, | ) | |
| | ) | LEAD DOCKET NO. |
| Plaintiff/Counterclaim Defendant, | ) | 3:17-cv-02026-JBA |
| | ) | U.S.D.C./New Haven |
| v. | ) | |
| | ) | Judge Janet Bond Arterton |
| HENRY KURZ, | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

<u>**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**</u>

**ORAL ARGUMENT NOT REQUESTED**

## TABLE OF CONTENTS

I.    INTRODUCTION AND NATURE OF THE CASE ....................................................... 1

II.   FACTUAL BACKGROUND ................................................................................... 2

III.  LEGAL ARGUMENT ......................................................................................... 3

    A.    ConfigAir Is Entitled to an Order Compelling Kurz to Answer  Interrogatories. .. 4

        1.    Interrogatory Nos. 1, 2, and 3 ................................................................ 4

        2.    Interrogatory Nos. 4, 5, 6, 7, 13, and 15 ................................................ 5

        3.    Interrogatory Nos. 8, 16, and 19 ........................................................... 6

        4.    Interrogatory Nos. 9, 10, and 17 ........................................................... 6

        5.    Interrogatory No. 11 ............................................................................. 7

        6.    Interrogatory No. 12 ............................................................................. 7

        7.    Interrogatory No. 14 ............................................................................. 7

        8.    Interrogatory No. 18 ............................................................................. 8

    B.    ConfigAir Is Entitled to an Order Compelling Kurz to Produce Documents. ........ 8

        1.    Document Request Nos. 2 and 3 ............................................................ 8

        2.    Document Request No. 4 ....................................................................... 9

        3.    Document Request No. 5 ....................................................................... 10

        4.    Document Request No. 6 ....................................................................... 10

        5.    Document Request Nos. 9 and 10 .......................................................... 10

        6.    Document Request No. 12 ..................................................................... 11

        7.    Document Request No. 16 ..................................................................... 11

        8.    Document Request No. 20 ..................................................................... 12

        9.    Document Request No. 24 ..................................................................... 12

        10.   Document Request Nos. 30 and 31 ........................................................ 12

        11.   Document Request No. 39 ..................................................................... 13

IV.   CONCLUSION ................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**State Statutes**

Connecticut Uniform Trade Secrets Act ................................................................................1, 7

**Rules**

Fed. R. Civ. P.
  26(b)(1) ................................................................................................................3
  26(e)(1) ............................................................................................................5, 7
  33 ...................................................................................................................1, 4
  33(b)(3) ...............................................................................................................8
  33(b)(4) ...............................................................................................................8
  34 ...................................................................................................................1, 4
  37 ......................................................................................................................1
  37(a)(1) ...............................................................................................................3
  37(a)(3)(B)(iii)-(iv) ...............................................................................................4
  37(a)(4) ...............................................................................................................4
  37(a)(5)(A) ........................................................................................................13
  37(b)(1) ...........................................................................................................4, 8

Pursuant to Federal Rules of Civil Procedure 33, 34, and 37, ConfigAir LLC ("ConfigAir" or the "Company") respectfully submits this Memorandum of Law in support of its Motion to Compel ("Motion"). As set forth herein, Henry Kurz ("Kurz") has not responded to a single interrogatory propounded by ConfigAir (just offering counsel objections) and has asserted baseless objections to ConfigAir's request for production. Accordingly, ConfigAir respectfully requests that the Court grant its Motion, enter an order compelling Kurz to provide complete answers to ConfigAir's interrogatories and produce all responsive documents withheld on the basis of Kurz's improper objections to ConfigAir's document requests.

## I.      INTRODUCTION AND NATURE OF THE CASE

ConfigAir initiated this lawsuit against Kurz, the Company's former Vice President and Chief Technology Officer, to obtain a declaration regarding its legal rights. ConfigAir seeks a declaration that it has a right to use and is the lawful owner of all right, title, and interest in and to the software that the Company developed and has marketed and sold since 2013. ConfigAir also seeks legal and equitable remedies for Kurz's violation of the Connecticut Uniform Trade Secrets Act, various breaches of his fiduciary and contractual duties to the Company, including his non-competition, non-solicitation, and non-disclosure covenants, and for Kurz's tortious conduct in interfering with ConfigAir's business relationships and defaming ConfigAir in the marketplace.

In the instant Motion, ConfigAir seeks an order compelling Kurz to respond to discovery requests that call for the disclosure and production of information and documents that are directly relevant to ConfigAir's claims. As more fully set forth herein, Kurz has improperly objected or refused to respond to interrogatories and document requests ConfigAir served at the beginning of November. ConfigAir has been unable to resolve these discovery issues through

discussion with opposing counsel and, accordingly, seeks the Court's intervention to compel Kurz to comply with his discovery obligations.

## II.      FACTUAL BACKGROUND

ConfigAir served its First Set of Interrogatories ("Interrogatories") and its First Set of Document Requests ("Document Requests") on November 2, 2018. (Declaration of Rebecca A. Brazzano ("Brazzano Decl.") ¶¶ 2-3 & Exs. A & B). On November 30, 2018, Kurz served his counsel's objections to the Interrogatories and his objections and responses to the Document Requests. (*Id.* ¶¶ 4-5 & Exs. C & D). Kurz did not answer a single interrogatory, leaving the answer to Interrogatory No. 18 entirely blank and interposing only objections in response to the remainder of ConfigAir's 20 Interrogatories. (*Id.* Ex. C). Kurz likewise objected to each of ConfigAir's 39 Document Requests. (*Id.* Ex. D). Kurz did not produce a single document when he served his written objections and responses the Document Requests. (*Id.* ¶ 5).

On December 9, 2018, ConfigAir's counsel sent a letter to Kurz's counsel identifying numerous deficiencies in Kurz's written responses to the Interrogatories and Document Requests. (*Id.* ¶ 6 & Ex. E). ConfigAir's counsel demanded that Kurz provide full and complete answers to the Interrogatories and produce responsive documents by December 13, 2018. (*Id.*). Kurz ignored ConfigAir's demand and failed to respond at all to the letter and did not provide answers to the Interrogatories or produce any documents by December 13, 2018. (*Id.* ¶ 7). On December 14, 2018, ConfigAir's counsel proposed a telephone conference to meet and confer regarding the discovery deficiencies identified in the letter. (*Id.* ¶ 8). Counsel for both parties, ConfigAir and Kurz, participated in a telephone conference that afternoon. (*Id.*).

During that conference, Kurz's counsel stated that she could not provide answers to the Interrogatories because she had not yet received all of the documents from her client. (*Id.* ¶ 9). Kurz's counsel claimed that Kurz was unable to respond to Interrogatories or Document

Requests relating to the software that is at the center of this lawsuit, asserting that ConfigAir has not sufficiently defined the software at issue. (*Id.* ¶ 8). As ConfigAir's counsel reminded Kurz's counsel, ConfigAir already amended its complaint on September 18, 2018 pursuant to the Amended Scheduling Order [Dkt. 41] to address this perceived concern that Kurz raised during the telephonic pre-filing conference on September 4, 2018 [Dkt. 42]. (*See* Second Amended Complaint [Dkt. 43] ¶¶ 23-33). Moreover, in the Definitions preceding the Interrogatories and Document Requests, "Software" is defined as "the software ConfigAir began marketing in or about 2013 as alleged in paragraph 40 of [Kurz's] Counterclaim." (Brazzano Decl. Exs. A & B; *see also* Counterclaim [Dkt. 30] ¶ 40 ("ConfigAir began marketing a version of HKC's Pre-LLC Software in or about 2013.")).

When it became clear that the parties would be unable to resolve the discovery issues during the December 14, 2018 telephone conference, ConfigAir's counsel requested the Kurz's counsel respond in writing to the December 9, 2018 deficiency letter. (Brazzano Decl. ¶ 12). Kurz's counsel agreed to do so. (*Id.*). On December 17, 2018, Kurz produced 657 pages of documents, presumably withholding thousands of responsive documents on the basis of the improper objections he served on November 30, 2018. (*Id.* ¶ 13). To date, Kurz has not answered a single Interrogatory, has not withdrawn any of his objections to the Document Requests, and has not responded to the December 9 deficiency letter. (*Id.* ¶ 14). All of the discovery issues raised in the deficiency letter thus remain unresolved.

## III.    LEGAL ARGUMENT

A party is entitled to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If a party fails to comply with its discovery obligations, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A party may move to

compel discovery if a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents or fails to respond that inspection will be permitted under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). For purposes of a motion to compel, an evasive or incomplete answer or response is treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4).

A.    **ConfigAir Is Entitled to an Order Compelling Kurz to Answer Interrogatories.**

Kurz has refused to answer a single Interrogatory. In accordance with Local Rule 37(b)(1), the following is a verbatim listing of each Interrogatory at issue and the reason why Kurz should be compelled to answer.

1.    **Interrogatory Nos. 1, 2, and 3**

1.    Identify all persons who provided information used to answer these Interrogatories.

2.    Identify all persons with personal knowledge of the facts alleged in the Second Amended Complaint, the Counterclaim, or the Amended Third-Party Complaint and state the subject matter of each person's knowledge.

3.    Identify all fact witnesses Kurz may call to testify at the trial in this matter.

The Court should compel Kurz to answer Interrogatory Nos. 1, 2, and 3 because ConfigAir is entitled to learn the identity of all potential fact witnesses with personal knowledge of the facts upon which Kurz's claims and defenses are based. Kurz's objection that the information sought in Interrogatory No. 1 is protected by the attorney-client privilege and/or work product doctrine is meritless. (Brazzano Decl. Ex. C). This Interrogatory seeks the identity of persons with knowledge of the relevant facts, not disclosure of communications with counsel or attorney work product. To the extent that information sought in Interrogatory No. 2 is, for some reason, "subject to contractual confidentiality agreements" as Kurz suggests (*id.*)., he can invoke the Protective Order [Dkt. 4] to appropriately limit the use and disclosure of such

4

information.  Kurz's objection that Interrogatory No. 3 is premature as discovery is ongoing does not justify his failure to provide any answer at all. (Brazzano Decl. Ex. C). ConfigAir is entitled to discovery of the identity of all potential fact witnesses Kurz has identified thus far. Kurz may supplement his response as necessary in accordance with Federal Rule of Civil Procedure 26(e)(1).

###### 2.  Interrogatory Nos. 4, 5, 6, 7, 13, and 15

4.     Identify any person or company that has employed or contracted with Kurz or HKC for the performance of services from 2011 to the present.

5.     Identify any person or company that Kurz or HKC has contacted to inquire about employment or a contract for the performance of services from October 2017 to the present.

6.     Identify all "customers or potential customers of Kurz" referenced in paragraph 153 of the Amended Third-Party Complaint.

7.     Identify any person or company with whom Kurz or HKC has entered into any contract(s) from 2011 to the present and, for each, identify the date the contract was entered into and the material terms of the contract.

13.     Identify each communication Kurz has had with any existing or former customer of ConfigAir since October 1, 2017.

15.     Identify each communication Kurz has had with any existing or former employee or subcontractor of ConfigAir or ConfigAir s.r.o. since October 1, 2017.

ConfigAir is entitled to answers to Interrogatory Nos. 4, 5, 6, 7, 13, and 15 because they seek information relevant to ConfigAir's claims for breach of Kurz's non-competition, non-solicitation, and non-disclosure covenants with the Company.

### 3.      Interrogatory Nos. 8, 16, and 19

8.      Identify any communication by which Kurz disclosed to ConfigAir, Naus, Husain, or Nguyen that HKC owned the copyright for the Software as alleged in paragraph 12 of the Counterclaim.

16.     Identify the date upon which Kurz first disclosed to ConfigAir that HKC owned any intellectual property rights in the Software, to whom that disclosure was made, and the means of disclosure.

19.     Identify each communication by which Kurz informed ConfigAir of his belief that Kurz or HKC holds intellectual property rights in any version of the Software.

ConfigAir is entitled to answers to Interrogatory Nos. 8, 16, and 19 because they are relevant to the issue of whether Kurz breached § 3(c) of the Operating Agreement, which required him to "disclose to the Company, all tools, technology or other intellectual property owned or held by a third party which is used by the member in connection with the member's involvement with the Company."

### 4.      Interrogatory Nos. 9, 10, and 17

9.      Identify any person or company with whom Kurz has had communications relating to the Software from October 2017 to the present, including whether any of the underlying code for the Software was disclosed or discussed.

10.     Identify all documents or electronically stored information currently in Kurz's possession relating to the Software.

17.     Identify each person or company in possession of a copy of the underlying code for the "Pre-LLC Software" as that term is defined in paragraph 2 of the Counterclaim, the Software, or any version of the Software.

ConfigAir is entitled to answers to Interrogatory Nos. 9, 10, and 17 because they seek information relevant to ConfigAir's claim for violation of the Connecticut Uniform Trade Secrets Act and breach of Kurz's non-disclosure covenant with the Company.

### 5.    Interrogatory No. 11

11.    Identify all monetary damages Kurz seeks to recover in the Lawsuit including the categories of damages, the amounts, and the manner in which such damages are calculated.

Kurz's objection that Interrogatory No. 11 is premature as discovery is ongoing does not justify his failure to provide an answer. (Brazzano Decl. Ex. C). ConfigAir is entitled to discovery of any alleged damages Kurz has identified thus far, including the factual basis for his prayer for compensatory damages in his Counterclaim. Kurz may supplement his response as necessary in accordance with Federal Rule of Civil Procedure 26(e)(1).

### 6.    Interrogatory No. 12

12.    Identify each communication Kurz has had with the FBI or any law enforcement agency in the Czech Republic or in Germany regarding ConfigAir or the Software, including any documents that Kurz received or submitted.

ConfigAir is entitled to an answer to Interrogatory No. 12 because it is relevant to ConfigAir's claims for breach of fiduciary duty and for declaratory judgment regarding Kurz's removal as a member of the Company for cause in accordance with the Operating Agreement.

### 7.    Interrogatory No. 14

14.    Identify each contract that Kurz entered into with ConfigAir other than the Operating Agreement by specifying the date upon which the contract was entered into, the material terms of the contract, and whether the contract is in writing.

ConfigAir is entitled to an answer to Interrogatory No. 14 because the parties' contractual obligations to one another are relevant to ConfigAir's claims against Kurz for breach of contract.

### 8.      Interrogatory No. 18

18.      State the factual basis for Kurz's allegation in paragraph 64 of the Counterclaim that Naus "disclosed the Company's clients' confidential information to third parties without authorization" and identify each communication by which such disclosures were made.

Kurz did not object to this Interrogatory. (Brazzano Decl. Ex. C). He has thus waived an objection and the Court should compel him to provide a complete answer. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

### B.      ConfigAir Is Entitled to an Order Compelling Kurz to Produce Documents.

Kurz has asserted groundless objections to many of the Document Requests and has presumably withheld documents from production on the basis of those improper objections. In accordance with Local Rule 37(b)(1), the following is a verbatim listing of each Document Request at issue and the reason why Kurz should be compelled to produce all responsive documents.  Equally important, Kurz's counsel offered that Kurz is having "server" issues, and thus does not have "access" to documents that may be responsive to ConfigAir's written demands. (Brazzano Decl. ¶ 11). Kurz's claims that he now does not have access to documents only begs the spoliation question. (*Id.*).

### 1.      Document Request Nos. 2 and 3

2.      All documents relating to contracts that Kurz has entered into with any person or company from 2011 to the present including, but not limited to, the contracts themselves.

3.      All documents relating to contracts that HKC has entered into with any person or company from October 2017 to the present including, but not limited to, the contracts themselves.

In response to Document Request Nos. 2 and 3, Kurz states that he will only produce documents that "relate to mobile configuration software development or the Pre-LLC Software." (Brazzano Decl. Ex. D). Kurz's production of documents should not be restricted in this manner because all contracts that Kurz entered into from 2011 to present and all contracts that HKC entered into from October 2017 to present are relevant – at a minimum – to the issue of whether Kurz was improperly competing with ConfigAir, disclosed ConfigAir's confidential information, and solicited ConfigAir's customers or potential customers.  Kurz's counsel's claim that these document demands would include Kurz's contracts for utility services highlights the complete lack of a good faith response.  (Brazzano Decl. ¶ 10). Responsive documents relevant to this lawsuit must be provided.

### 2.      Document Request No. 4

4.      All communications between Kurz and the "customers or potential customers of Kurz" referenced in paragraph 153 of the Amended Third-Party Complaint from October 2017 to present.

In response to Document Request No. 4, Kurz does not indicate that he will produce any documents, but instead states that "ConfigAir has not yet disclosed the identity of the recipients of those communications" and that the "request is premature." (Brazzano Decl. Ex. D). Neither of those responses are appropriate as ConfigAir is seeking information relating to Kurz's own communications – information that he certainly has in his possession. As such, this request is not premature and the Court should compel Kurz to produce all responsive documents.

### 3.       Document Request No. 5

5.       All communications between Kurz and any other person or company relating to the Software from October 2017 to the present.

In response to Document Request No. 5, even though ConfigAir defined the term "Software" in the Definitions preceding its Document Requests, Kurz states that he "will interpret the term 'Software' to mean the Pre-LLC Software (as that term is defined in the Counterclaim)" and that he will produce documents that "relate to the Pre-LLC Software." (Brazzano Decl. Ex. D). By responding in this manner, Kurz purports to improperly re-write ConfigAir's Document Request. The Court should compel Kurz to produce his communications with any person or company relating to the Software, as that term is defined in ConfigAir's Document Requests.  It is improper for Kurz to redefine ConfigAir's definitions to eviscerate the document demand or limit its scope.

### 4.       Document Request No. 6

6.       All documents currently in Kurz's possession relating to the Software.

In response to Document Request No. 6, Kurz again improperly attempts to impose his own definition of the term "Software." (Brazzano Decl. Ex. D). Furthermore, Kurz does not indicate that he will produce any responsive documents and claims that these documents are already in ConfigAir's possession, custody, or control. This objection does not excuse Kurz's refusal to produce responsive documents because ConfigAir is entitled to learn what documents Kurz has in his possession, custody, or control.

### 5.       Document Request Nos. 9 and 10

9.       All communications between Kurz and any software developer working for ConfigAir or ConfigAir s.r.o. from October 2017 to the present.

10.    All communications between Kurz and any employee of ConfigAir or ConfigAir s.r.o. from October 2017 to the present.

In response to Document Request Nos. 9 and 10, Kurz does not indicate that he will produce any responsive documents. (Brazzano Decl. Ex. D). The Court should compel Kurz to produce all responsive documents because Kurz's communications with employees and contractors of ConfigAir and ConfigAir s.r.o. are relevant to – among other things – Kurz's breach of the non-solicitation covenant in the Operating Agreement.

### 6.    Document Request No. 12

12.    All documents relating to copyrights that Kurz or HKC claims that they own with respect to the Software or any version or component of the Software.

In response to Document Request No. 12, Kurz does not indicate that he will produce documents, improperly attempts to re-write ConfigAir's request by re-defining the term "Software," and states that the requested documents are already in ConfigAir's possession, custody, or control. (Brazzano Decl. Ex. D). The Court should compel Kurz to produce responsive documents because, not only are those documents not in ConfigAir's possession, they are directly relevant to Kurz's and/or HKC's claim of ownership with respect to the Software.

### 7.    Document Request No. 16

16.    All documents relating to the Operating Agreement.

In response to Document Request No. 16 (incorrectly numbered as 15 in Kurz's Objections and Responses), Kurz does not indicate that he will produce responsive documents. (Brazzano Decl. Ex. D). The Court should compel Kurz to produce all responsive documents because no issue is more central to this lawsuit than the Operating Agreement upon which many of ConfigAir's claims are based.

### 8.    Document Request No. 20

20.    All documents relating to Kurz's membership in Integrity GmbH.

In response to Document Request No. 20, Kurz claims that it seeks irrelevant information. (Brazzano Decl. Ex. D). However, Integrity GmbH was connected to at least some of the software that Kurz contributed to ConfigAir. Moreover, Kurz's ownership stake in Integrity GmbH may be relevant to Kurz's non-competition covenant with ConfigAir.

### 9.    Document Request No. 24

24.    All communications sent to or from the email address henry.kurz@hkc-group.de, henry.kurz@gourmaster.com, henry.kurz@integrity-gmbh.de or henry.kurz@web.de from October 2017 to the present.

In response to Document Request No. 24, Kurz does not indicate that he will produce responsive documents. (Brazzano Decl. Ex. D). The Court should compel Kurz to produce all of the communications sought in this request because the email accounts identified were likely utilized to solicit ConfigAir's customers, solicit those engaged by ConfigAir, and to disseminate harmful statements about ConfigAir. All of this conduct is relevant to ConfigAir's claims in this lawsuit.

### 10.    Document Request Nos. 30 and 31

30.    All documents relating to the registration or operation of HKC.

31.    All documents relating to tax returns filed by HKC.

In response to Document Request Nos. 30 and 31, Kurz states that the information requested is irrelevant. (Brazzano Decl. Ex. D). It is relevant because Kurz, as a defense to ConfigAir's claims in this lawsuit, has asserted that HKC is a separate entity that he solely owns and operates. ConfigAir is entitled to this information to determine, among other things, whether HKC is an actual legal entity and whether it is legally capable of owning a copyright.

### 11.    Document Request No. 39

39.    All documents relating to Kurz's business activities relating to the GourMaster restaurant software.

In response to Document Request No. 39, Kurz claims that the information sought is irrelevant. (Brazzano Decl. Ex. D). ConfigAir is entitled to discovery of these documents because, among other reasons, they are relevant to ConfigAir's claims that Kurz breached his non-competition and non-solicitation covenants.

## IV.    CONCLUSION

For the foregoing reasons, ConfigAir respectfully requests that the Court grant its Motion and enter an order compelling Kurz to provide complete answers to ConfigAir's First Set of Interrogatories and produce all non-privileged documents in his possession that are responsive to Nos. 2-6, 9-10, 12, 16, 20, 24, 30-31, and 39 in ConfigAir's First Set of Document Requests. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), ConfigAir further requests that the Court award ConfigAir its reasonable attorneys' fees incurred in pursuing its Motion.

Dated: December 20, 2018                    Respectfully submitted,


/s/ Rebecca A. Brazzano
Rebecca A. Brazzano (18443)
THOMPSON HINE LLP
335 Madison Avenue
12th Floor
New York, NY 10017-4611
OF COUNSEL:                                 Tel. (212) 344-3941
                                            Fax (212) 344-6101
Anthony J. Hornbach                         Email: Rebecca.Brazzano@ThompsonHine.com
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Tel. (513) 352-6721
Fax (513) 241-4771
Email: Tony.Hornbach@ThompsonHine.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2018, a true copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO COMPEL was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Rebecca A. Brazzano
Rebecca A. Brazzano