# EXHIBIT E

**THOMPSON HINE**  ATLANTA   CLEVELAND   DAYTON   WASHINGTON, D.C.
CINCINNATI   COLUMBUS   NEW YORK

December 9, 2018

Jessica Rutherford, Esq.
Ferdinand IP, LLC
1221 Post Road East, Suite 302
Westport, Connecticut 06880

Re: *ConfigAir v. Kurz*, Case #3:17-cv-02026
    Written Discovery Deficiencies

Dear Jessica:

I am writing to address numerous deficiencies with the written discovery responses that you served on November 30, 2018 on behalf of Defendant Henry Kurz ("Kurz"). Based on the responses, it is clear that Kurz has not made even a good faith effort to respond to the written discovery that Plaintiff ConfigAir LLC ("ConfigAir") has served on him, and he must rectify these issues immediately.

On November 2, 2018, ConfigAir served Kurz with its First Set of Interrogatories, its First Set of Document Requests, and its First Set of Requests for Admission (collectively, the "Written Discovery"). Responses to the Written Discovery were due on December 3, 2018. On November 30, 2018, Kurz responded to the Written Discovery, but these responses are deficient in countless ways.

First, Kurz served objections to the First Set of Interrogatories, but did not answer a single interrogatory. Nor did he provide a date by which his answers would be produced. Therefore, Kurz's answers to the First Set of Interrogatories are overdue, and must be provided immediately. ConfigAir further reserves the right to contest or address any objections that have been made when Kurz's verified answers are actually produced.

Second, Kurz served objections to the First Set of Documents, but has not produced any documents in response. Nor has he provided any date by which Kurz would provide his responsive documents. Given that Kurz did not provide any responsive documents along with his Rule 26 Initial Disclosures, Kurz has not produced a single document in this case despite the fact the case has been pending for over a year. Kurz's responsive documents must be produced immediately.

Moreover, based on Kurz's objections to the Requests for Production, it appears that Kurz improperly intends to ignore or evade a number of ConfigAir's requests that seek documents relevant to this litigation. These include:

Rebecca.Brazzano@ThompsonHine.com   Fax: 212.344.6101   Phone: 212.908.3941                4842-6806-7714

THOMPSON HINE LLP       335 Madison Avenue       www.ThompsonHine.com
ATTORNEYS AT LAW        12th Floor               O: 212.344.5680
                        New York, New York 10017-4611   F: 212.344.6101



Jessica Rutherford
Ferdinand IP
December 9, 2018
Page 2

- In Document Request 2, ConfigAir requests "documents relating to contracts that Kurz has entered into . . . from 2011 to the present," and in Document Request 3, ConfigAir requests "documents relating to contracts that HKC has entered into with any person or company from October 2017 to present." In response, you indicate that Kurz will only produce documents that "relate to mobile configuration software development or the Pre-LLC Software." However, Kurz's responses to these document requests should not be restricted in this manner as all contracts that Kurz entered into from 2011 to present and all contracts that HKC has entered into from October 2017 to present are relevant – at a minimum – as to whether Kurz was improperly competing with ConfigAir, has disclosed ConfigAir's confidential information, and solicited ConfigAir's customers or potential customers.

- In Document Request 4, ConfigAir requests "communications between Kurz and the 'customers or potential custoemrs of Kurz' [as] referenced in paragraph 153 of the Amended Third-Party Complaint from October 2017 to present. In response, Kurz does not indicate that he will produce any documents, but instead states that "ConfigAir has not yet disclosed the identity of the recipients of those communications" and that the "request is premature." Neither of these responses are appropriate as ConfigAir is seeking information relating to Kurz's own communications – information that he certainly has in his possession. As such, this is not premature and the information must be produced.

- In Document Request 5, ConfigAir seeks "communications between Kurz and any person or company relating to the Software," and in response, even though ConfigAir defined the term "Software" in its document requests, Kurz states that he "will interpret the term 'Software' to mean the Pre-LLC Software (as that term is defined in the Counterclaim)." Kurz then states that he will produce documents that "relate to the Pre-LLC Software." However, by responding in this way, Kurz is attempting to re-write the document request, and he must provide communications between Kurz and any person or company relating to the Software, as that term is defined in ConfigAir's original document request.

- In Document Request 6, ConfigAir requests "documents currently in Kurz's possession relating to the Software," but Kurz again improperly attempts to re-define the definition of Software. Furthermore, Kurz does not indicate that he will produce any responsive documents and claims that these documents are already in Plaintiff's possession, custody or control. However, that objection provides no excuse for not providing documents in



Jessica Rutherford
Ferdinand IP
December 9, 2018
Page 3

    response to this request because ConfigAir has no idea what documents Kurz has in his possession. These documents must be produced.

- In Document Request 9, ConfigAir requests "communications between Kurz and any software developer working for ConfigAir or ConfigAir s.r.o. from October 2017 to the present." In addition, in Document Request 10, ConfigAir requests "communications between Kurz and any employee of ConfigAir or ConfigAir s.r.o. from October 2017 to the present." In response, Kurz does not indicate that he will provide any of these documents. These documents, though, must be produced as Kurz's communications with ConfigAir and ConfigAir s.r.o. are relevant to – among other things – ConfigAir's claim that Kurz violated his non-solicitation covenant in the Operating Agreement.

- In Document Request 12, ConfigAir requests "documents relating to copyrights that Kurz or HKC claims that they own with respect to the Software or any version or component of the Software." In response, Kurz does not indicate that he will produce the documents, improperly attempts to re-write ConfigAir's request by re-defining the term "Software," and states that the "requested documents are already in Plaintiff's possession, custody or control." These documents are not in ConfigAir's possession, and they are clearly relevant given Kurz's and/or HKC's claims that it owns the Software. These documents must be produced.

- In response to Document Request 14 (Kurz's response is in Paragraph 13 because he incorrectly included two paragraphs under 12), Kurz again improperly attempts to redefine "Software," which was clearly defined in ConfigAir's document requests, with its own definition. This is improper and its responsive documents shall not be restricted for this reason.

- In Document Request 15, ConfigAir requests "documents relating to the Operating Agreement," and in response, Kurz has not indicated that he will produce the requested documents. However, there is no issue more central to this case than the Operating Agreement, and Kurz must produce the requested documents.

- In Document Request 20, ConfigAir requests "documents relating to Kurz's membership in Integrity GmbH." In response, Kurz states that the request seeks irrelevant information. However, Integrity GmbH was connected to at least some of the software that Kurz contributed and turned over to ConfigAir. Furthermore, Kurz's ownership



Jessica Rutherford
Ferdinand IP
December 9, 2018
Page 4

> stake in Integrity GmbH may be a violation of his non-competition obligations owed to ConfigAir. Thus, this information is relevant, and it should be produced.

- In Document Request 24, ConfigAir requests "communications sent to or from the email address henry.kurz@hkc-group.de, henry.kurz@gourmaster.com, henry.kurz@integrity-gmbh.de or henry.lirz@web.de from October 2017 to the present." Kurz does not indicate that he will produce these documents. However, he must do so as these email accounts were utilized or were likely utilized to solicit ConfigAir's customers, solicit those engaged by ConfigAir, and otherwise make statements adverse to ConfigAir in violation of the Operating Agreement.

- In Document Request 30, ConfigAir requests "documents relating to the registration or operation of HKC," and in Document Request 31, ConfigAir requests "documents relating to tax returns filed by HKC." In response, Kurz states that this information is irrelevant. However, it is relevant because Kurz claims that HKC is a separate entity that he solely owns and operates and has raised this as a defense to the claims at issue in this case. As such, ConfigAir is entitled to this information to determine whether HKC is an actual legal entity, whether it is capable of owning a copyright, whether it has had any business activity like Kurz claims, and for other similar reasons. As such, this information must be produced.

- In Document Request 39, ConfigAir requests "documents relating to Kurz's business activities relating to the GourMaster restaurant software." In response, Kurz claims that this information is irrelevant, but this information is relevant given that these activities will likely explain Kurz's actions at various times – many of which he raises in his own allegations against ConfigAir – and will involve potential ways of competition and solicitation that were prohibited under the Operating Agreement.

Given that Kurz has still failed to produce any documents, ConfigAir further reserves the right to contest any response or objection raised in Kurz's responses.

Kurz's failure to provide ConfigAir with answers to ConfigAir's interrogatories and with any responsive documents has already prejudiced ConfigAir under the current case schedule as this information is needed to prepare a damages analysis and to determine whether experts are necessary – both of which must be completed by December 21, 2018 under the current case schedule. Accordingly, given that that Kurz's responses to the Written Discovery were due on



Jessica Rutherford
Ferdinand IP
December 9, 2018
Page 5

December 3, 2018, ConfigAir demands that Kurz provide full and complete answers to ConfigAir's interrogatories and provide his responsive documents by no later than December 13, 2018. If Kurz fails to do so, ConfigAir will have no choice but to ask that the Court to compel the requested information and documents and seek to recover all fees and costs that it incurs as a result.

Sincerely,

Rebecca Brazzano

cc:    Anthony J. Hornbach, Esq.