# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONFIGAIR, LLC, | ) | |
| | ) | LEAD DOCKET NO. |
| | ) | 3:17-CV-02026-JBA |
| Plaintiff/Counterclaim Defendant, | ) | U.S.D.C./NEW HAVEN |
| | ) | |
| v. | ) | Judge Janet Bond Arterton |
| | ) | |
| HENRY KURZ, | ) | AMENDED |
| | ) | RULE 26(F) REPORT OF |
| Defendant/Counterclaimant. | ) | PARTIES' PLANNING |
| | ) | MEETING |

Action I Docket 3:17-CV-02026:

| | |
|---|---|
| Date Complaint Filed against Kurz: | December 5, 2017 |
| Date Complaint Served on Kurz: | January 13, 2018 |
| Date of Kurz's Appearance: | February 2, 2018 |
| Date Third-Party Complaint Filed against Dung Nguyen, Nizwer Husain and Daniel Naus: | July 24, 2018 |
| Date Third-Party Complaint Served on Dung Nguyen: | August 2, 2018 |
| Date Third-Party Complaint Served on Nizwer Husain: | August 8, 2018 |
| Date Third-Party Complaint Served on Daniel Naus: | August 13, 2018 |
| Date of Appearance of Defendants Daniel Naus, Nizwer Husain, and Dung Nguyen: | August 22, 2018 |

Action II 3:18-CV-01377-VAB (now consolidated)

| | |
|---|---|
| Date Complaint Filed: | August 14, 2018 |

Date Complaint Served on Defendants
ConfigAir LLC, Daniel Naus,
Nizwer Husain, and Dung Nguyen:            September 4, 2018

Date of Appearance of Defendants
ConfigAir LLC, Daniel Naus,
Nizwer Husain, and Dung Nguyen:            September 14, 2018

Date Complaint Served on McLaren
Automotive, Inc.:                          September 19, 2018

Date of Appearance of McLaren
Automotive, Inc.:                          October 10, 2018

Pursuant to Fed.R.Civ.P. 16(b), 26(f), and D.Conn. L.Civ.R. 16, there was a meet and

confer on 3/2/18 in Action I and in Action II there was a meet and confer on 11/15/18 and on

11/27/18.  The participants to the most recent meet and confer were:

Rebecca Brazzano counsel for Plaintiff/Counterclaim Defendant ConfigAir LLC

("ConfigAir"), Daniel Naus, Nizwer Husain, and Dung Nguyen;

Jessica S. Rutherford, counsel for Defendant/Counterclaimant Henrey Kurz and Kurz

Consulting GmbH ("HKC"); and

Patrick T. Uiterwyk, John C. McElwaine, and Nolan J. Mitchell, counsel for Defendant

McLaren Automotive, Inc. ("McLaren").

## I.   Certification

Undersigned counsel (after consultation with their clients and, to the extent necessary,

any known witnesses) and any undersigned self-represented parties certify that (a) they have

discussed the nature and basis of the parties' claims and defenses and any possibilities for

achieving a prompt settlement or other resolution of the case; (b) they have developed the

following proposed case management plan, including prospective deadlines for discovery, the

filing of dispositive motions, and a trial ready date.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.   Jurisdiction

### A.   Subject Matter Jurisdiction - Action I

#### 1.   Plaintiff/Counterclaim Defendant ConfigAir's Position:

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and because the amount in controversy exceeds $75,000.00. Plaintiff is a Connecticut limited liability company. Its members are Daniel Naus, a citizen of Connecticut, Nizwer Husain, a citizen of Tennessee, and Dung Nguyen, a citizen of California. Defendant Kurz is an individual citizen of Germany.

The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because a number of the claims asserted in the Complaint arise under or involve issues of federal copyright law.

#### 2.   Defendant/Counterclaimant Henry Kurz's Position:

Kurz states that he is also a member of ConfigAir LLC.  Kurz does not dispute that this Court has jurisdiction over the subject matter of this action.

### B.   Subject Matter Jurisdiction Action II

#### 1.   HKC's Position:

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b), and the principles of pendent jurisdiction pursuant to 28 U.S.C. § 1367(a).  Plaintiff's Count I for copyright infringement arises under the United States Copyright Act, 17 U.S.C. § 101 et seq.  Plaintiff's Count II for vicarious and/or contributory copyright infringement arises under federal common law.  Plaintiff, a German entity with its principal place of business in Germany, is a citizen of Germany.  Plaintiff's only member is

Henry Kurz, a citizen of Germany.  ConfigAir is a Connecticut limited liability company with its principal place of business in Connecticut.  The members of ConfigAir are Kurz, Naus, Husain and Nguyen.  Naus is a citizen of Connecticut.  Husain is a citizen of Tennessee.  Nguyen is a citizen of California.  Upon information and belief, McLaren is a citizen of Delaware and New York.  The amount in controversy exceeds $75,000.00.

>    **2.    ConfigAir, Messrs. Naus, Nguyen and Husain's Positions:**

Based on the information available at this time, ConfigAir, Mr. Naus, Mr. Nguyen, and Mr. Husain do not dispute that this Court has subject matter jurisdiction over this dispute.

>    **3.    McLaren's Position:**

McClaren does not contest that this Court has Federal Question jurisdiction but denies that the amount in controversy exceeds $75,000.00.

>    **C.    Personal Jurisdiction – Action I**

>    **1.    Plaintiff/Counterclaim Defendant ConfigAir's Position:**

Personal jurisdiction may be contested. Plaintiff states a that the Court has personal jurisdiction over Plaintiff because it is a Connecticut company.  The Court has personal jurisdiction over Defendant because he is a member and former officer of ConfigAir, a Connecticut company, and because he agreed to appear in this forum per the terms of the Operating Agreement, which is attached to the Complaint and is the legal agreement that is at the heart of this dispute.

>    **2.    Defendant/Counterclaimant Henry Kurz's Position:**

Kurz does not dispute that this Court has personal jurisdiction over ConfigAir and Kurz. Kurz states that the Court has personal jurisdiction over Naus, Husain and Nguyen because: (1) Naus is a Connecticut citizen; (2) Naus, Husain and Nguyen are officers and members of the board of directors of ConfigAir, a Connecticut limited liability company; (3) upon information

and belief, Naus, Husain and Nguyen have a principal place of business in Connecticut; and (4) Naus, Husain and Nguyen waived any motion for lack of personal jurisdiction by failing to raise it in their motion to dismiss the Amended Third-Party Complaint, pursuant to Rule 12(b).

      **D.    Personal Jurisdiction – Action II**

          **1.    HKC's Position:**

This Court has personal jurisdiction over Defendants because: (1) ConfigAir and Naus are residents of Connecticut; (2) Naus and Nguyen have a principal place of business in Connecticut; (3) McLaren is registered to do business in the State of Connecticut; (4) Defendants transact business in and with the State of Connecticut; and (5) Defendants have committed, and continue to commit, acts of infringement in the State of Connecticut through solicitation of business and tortious conduct in the State.  ConfigAir, Naus, Nguyen and Husain have waived any motion for lack of personal jurisdiction by failing to raise it in their partial motion to dismiss the Complaint, pursuant to Rule 12(b).

          **2.    ConfigAir, Messrs. Naus, Nguyen and Husain's Positions:**

Personal jurisdiction is contested by some of the defendants.

ConfigAir and Mr. Naus do not dispute that this Court has personal jurisdiction over them.  On the other hand, Mr. Husain and Mr. Nguyen dispute that they are subject to personal jurisdiction in this Court.

          **3.    McLaren's Position:**

McLaren does not contest personal jurisdiction.

**III.    <u>Brief Description of Case</u>**

      **A.    Action I**

          **1.    Plaintiff/Counterclaim Defendant ConfigAir's Position:**

ConfigAir asserts seventeen claims against Defendant Kurz as follows:

(1)      Declaratory Judgment (Count I):  ConfigAir seeks a declaration that:

       (a)  federal law of the Second Circuit applies to all federal issues relating to the parties' dispute regarding intellectual property rights in the software, and Connecticut law applies to all issues properly decided under state law;

       (b)  ConfigAir owns all legal rights to all of the software it has sold and marketed since 2013 and Defendant does not have any legal rights with respect to that software;

       (c)  ConfigAir has the right to use, develop, market, and sell all versions of the software that it has marketed and sold;

       (d)  ConfigAir owned all legal rights with respect to all of the software that it has sold and marketed since 2013, going back to the beginning of its development shortly after ConfigAir was founded in 2011, and from that time to the present day, Defendant has not owned and has had no intellectual property rights with respect to that software.

(2)      Declaratory Judgment (Count II): ConfigAir seeks a declaration that:

       (a)  Mr. Naus, Mr. Husain, and Mr. Nguyen were within their rights under the Operating Agreement to remove Defendant as a member of ConfigAir for cause in February, 2018;

       (b)  As one who was being removed as a member for cause, Defendant was legally owed $20,000, which is the amount equal to Defendant's initial capital investment;

       (c)  ConfigAir properly repurchased Defendant's membership interest in ConfigAir by paying him $20,000; and

       (d)  Defendant is no longer a member of ConfigAir.

(3)      Breach of Contract (Count III): Defendant breached the customer non-solicitation covenant in the ConfigAir LLC Operating Agreement ("Operating Agreement") by soliciting ConfigAir's customers in October 2017 and thereafter. ConfigAir seeks damages based on the harm to ConfigAir's relationships with its existing and potential customers.

6

**(4)** Breach of Contract (Count IV): Defendant breached the employee non-solicitation covenant in the Operating Agreement by soliciting employees or others engaged to perform work on behalf of ConfigAir in November and December 2017 and thereafter. ConfigAir seeks damages based on the harm to ConfigAir's relationships with its employees and others engaged to perform work on its behalf.

**(5)** Breach of Contract (Count V): Defendant breached the confidentiality covenant in the Operating Agreement by disclosing ConfigAir's confidential and proprietary information to third-parties and improperly using ConfigAir's software for his own personal benefit. ConfigAir seeks damages based on the harm caused by Defendant's disclosure and use of confidential and proprietary information belonging to the company.

**(6)** Breach of Contract (Count VI): Defendant breached the non-compete covenant in the Operating Agreement by competing with ConfigAir in the following ways: (a) soliciting ConfigAir's customers; (b) disrupting ConfigAir's business activities; (c) disparaging ConfigAir in the marketplace; (d) soliciting ConfigAir's employees and others engaged to perform work for ConfigAir; (e) disclosing ConfigAir's confidential and proprietary information to third parties; and (f) using ConfigAir's confidential and proprietary information for his own personal benefit. ConfigAir seeks damages based on the harm caused by Defendant's actions.

**(7)** Injunctive Relief (Count VII): ConfigAir seeks preliminary and permanent injunctive relief to prohibit Defendant from further breaching the Operating Agreement, as follows:

(a) Defendant is required to refrain from contacting ConfigAir's employees or anyone on ConfigAir's software development team;

(b) Defendant is required to refrain from contacting ConfigAir's customers until February 26, 2019 unless given express permission from ConfigAir in advance;

(c) Defendant is required to return all electronic data relating to the software or any other development activities that ConfigAir has undertaken and shall not disclose to anyone any details regarding ConfigAir's development efforts, its development team, or its software;

(d) Defendant is prohibited from using the software in any way;

(e) Defendant is prohibited from disclosing the code underlying ConfigAir's software or any other details regarding the software or its development to third parties;

(f) Defendant is prohibited from stating that he owns or has intellectual property rights with respect to the software the ConfigAir has developed and has marketed and utilized since 2013;

(g) Defendant is prohibited from threatening ConfigAir's customers, employees, or others affiliated with the Company with criminal action relating to the software that ConfigAir has developed and has marketed and utilized since 2013; and

(h) Defendant is prohibited from competing with ConfigAir until February 26, 2019 such that he cannot seek employment or perform services for any ConfigAir customers or work for companies competing with ConfigAir by offering product configuration ecommerce or 3D visualization solutions.

**(8)** Violation of the Connecticut Uniform Trade Secrets Act (Count VIII): Defendant has improperly retained the trade secret code underlying ConfigAir's software and is misappropriating or threatens to misappropriate the code, as evidenced by his solicitation of ConfigAir's customers, his indication that he intends to compete with ConfigAir, and his other conduct adverse to

ConfigAir's interests. ConfigAir seeks preliminary and permanent injunctive relief in the form of an order requiring Defendant to refrain from using or disclosing the code, return all copies of the code to ConfigAir, and destroy all electronic information relating to the code. ConfigAir further seeks an award of punitive damages and attorneys' fees.

(9)     Breach of Fiduciary Duty – Conn. Gen. Stat. § 34-263b (Count IX): Defendant owed fiduciary duties to ConfigAir by virtue of his position as an officer and director of the company. Defendant breached his duty of loyalty by disparaging ConfigAir on social media, disclosing confidential and proprietary information to third parties, falsely claiming to own ConfigAir's software, falsely claiming that ConfigAir and its customers and employees are subject to criminal action for using or working on ConfigAir's software, soliciting ConfigAir's customers and employees in direct violation of the Operating Agreement, and taking other adverse actions against the company. ConfigAir seeks damages based on the harm caused by Defendant's numerous breaches of his fiduciary duties.

(10)     Tortious Interference with Contract/Business Relationships (Count X): Defendant tortiously interfered with the employment agreements and general services agreements between ConfigAir and the members of its development team by falsely informing members of the development team that he owned ConfigAir's software and that they would be subject to criminal penalties if they continued working for ConfigAir. Upon being contacted by Defendant, a number of members of ConfigAir's development team refused to work on the software based on Defendant's false statements. ConfigAir seeks damages based on the

time and expense it incurred to replace members of its development team on projects involving the software and additional harm caused by Defendant's tortious conduct.

(11)    Defamation, Business Disparagement, and Trade Libel (Count XI): In October 2017 and thereafter, Defendant made intentional and/or reckless misrepresentations to ConfigAir and its customers, employees, and other third parties, including the following false statements:

(a)  ConfigAir does not own the software that it has marketed and sold since 2013;

(b)  Defendant owns the software and intellectual property rights to the software that ConfigAir has marketed and sold; and

(c)  those using or working on the software would be subject to criminal penalties.

ConfigAir seeks damages for the harm caused by Defendant's misrepresentations, including uncertainty in the marketplace regarding ConfigAir's software, adverse impact on ConfigAir's relationships with its customers, employees, and others performing services for ConfigAir, the significant cost to ConfigAir to address the false statements, and harm to ConfigAir's business reputation.

(12)    Injunctive Relief re: Tortious Conduct (Count XII): ConfigAir seeks preliminary and permanent injunctive relief to prevent further tortious conduct by Defendant in the form of an order requiring Defendant to cease contacting ConfigAir's existing and potential customers, to comply with his obligations under the Operating Agreement, and to cease making false or defamatory statements relating to ConfigAir.

**(13)**    Breach of Contract (Count XIII): To the extent that Defendant transferred any intellectual property rights to the software he contributed to ConfigAir to HKC, Defendant breached the Operating Agreement by failing to disclose that fact to ConfigAir. ConfigAir seeks damages resulting from the fact that its ownership interest in its software has been questioned in the marketplace and all other costs and damages ConfigAir has and will incur due to HKC's and Defendant's efforts to assert any rights in ConfigAir's software.

**(14)**    Breach of Fiduciary Duty – Conn. Gen. Stat. § 34-263b (Count XIV): To the extent that Defendant transferred any intellectual property rights to the software he contributed to ConfigAir to HKC, Defendant breached his fiduciary duty of loyalty to refrain from dealing with ConfigAir in a manner that was adverse to ConfigAir by failing to disclose that fact to ConfigAir. ConfigAir seeks damages for Kurz's breach of fiduciary duty in an amount to be determined by the trier of fact.

**(15)**    Fraudulent Non-Disclosure (Count XV): To the extent that Defendant transferred any intellectual property rights to the software he contributed to ConfigAir to HKC, Kurz is liable to ConfigAir for his fraudulent failure to disclose that fact. ConfigAir seeks damages resulting from the fact that its ownership interest in its software has been questioned in the marketplace and all other costs and damages ConfigAir has and will incur due to HKC's and Defendant's efforts to assert any rights in ConfigAir's software.

**(16)**    Attorneys' Fees (Count XVI): Pursuant to the terms of the Operating Agreement and as authorized under the Connecticut Uniform Trade

Secret Act, ConfigAir seeks an award of all costs and attorneys' fees incurred in this litigation.

**(17)** Punitive Damages (Count XVII): ConfigAir seeks punitive damages, costs, and attorneys' fees on the grounds that Defendant's conduct as alleged in the Complaint was malicious, intentional, reckless, and/or grossly negligent such that Defendant acted with reckless indifference to the rights of others or in wanton violation of those rights.

**2.    Defendant/Counterclaimant Henry Kurz's Position:**

Kurz denies that the Operating Agreement constitutes a valid assignment of copyright in the Pre-LLC Software, which Kurz began creating almost a decade before ConfigAir was formed and had transferred to HKC before ConfigAir was formed, and which is not referenced anywhere in the Operating Agreement.  ConfigAir has failed to identify the work at issue, failed to allege ownership of a certificate of registration of copyright in the work at issue, and failed to join HKC, which ConfigAir admits is a necessary party.

Kurz also denies that Naus, Husain and Nguyen were entitled to remove him as a member of ConfigAir or purportedly purchase his shares pursuant to the Operating Agreement or otherwise.  The members obligations under the Operating Agreement were arbitrarily interpreted and enforced and thus not uniformly treated as binding on the members. Kurz did not violate any binding confidentiality, non-competiton, or non-solicitation obligations, did not make any false statements, and his conduct did not have any material adverse effect on ConfigAir.

Kurz also asserts counterclaims against ConfigAir for:

(a) judicial dissolution of ConfigAir, pursuant to Conn. Gen. Stat. § 34-267(a)(5), for excluding Kurz from the operation of ConfigAir, denying him access to ConfigAir's books and

records, misappropriation of HKC's Pre-LLC Software, misapplication or waste of corporate

assets; excluding Kurz from participating or profiting from ConfigAir, allegedly purchasing

Kurz's membership interest without authorization or compensation, and its alleged expulsion of

Kurz as a member of ConfigAir (Count I);

      (b) constructive trust over property, revenue, and proceeds derived from HKC's Pre-LLC

Software (Count VII);

      (c) appointment of a receiver, pursuant to Conn. Gen. Stat. § 52-504, to prevent waste or

loss of assets derived from sales of software containing copies of elements of the Pre-LLC

Software (Count VIII);

      (d) expulsion of Daniel Naus, pursuant to Conn. Gen. Stat. § 34-263a(5), for breach of his

fiduciary duties of loyalty and care in connection with his failure to transfer his personal 90%

interest in ConfigAir s.r.o. to ConfigAir since July 2014 (Count X);

      (e) fraudulent inducement in connection with Kurz's execution of the Joinder to

Operating Agreement and allowing ConfigAir to market versions of the Pre-LLC Software

between 2013 and November 1, 2017 (Counts II and III);

      (f) declaratory judgment that ConfigAir has no right, title, or interest in or to the

copyright in the Pre-LLC Software, which was not created as a work-made-for-hire for

ConfigAir or assigned to ConfigAir (Counts IV and V);

      (g) declaratory judgment that Kurz is a member of ConfigAir, owns one-third of the

shares in ConfigAir with all attendant authority, is a member of the board of directors with all

attendant authority, is the Chief Technology Officer and Vice President of ConfigAir with all

attendant authority, because Naus, Husain and Nguyen acted in bad faith and self-interest (Count

VI); and

(h) injunctive relief against ConfigAir's tortious interference with Kurz's customers or potential customers (Count IX).

Kurz also asserts claims, individually and derivatively on behalf of ConfigAir, for:

(a) Naus's breach of the fiduciary duty of loyalty based on his concealment that he failed to transfer his personal 90% interest in ConfigAir s.r.o. to ConfigAir as agreed among the members (Count I);

(b) Naus, Husain and Nguyen's breach of the fiduciary duty of care based on their mismanagement of software development and oppressive actions towards Kurz, a minority shareholder, subjecting ConfigAir to liability for copyright infringement (Counts II and III); and

(c) injunctive relief against Naus, Husain and Nguyen's tortious interference with Kurz's business expectancy (Count IV).

**B.    Action II**

**1.    HKC's Position:**

This is a civil action for (i) willful copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101, et seq., (ii) vicarious and/or contributory copyright infringement under federal common law, (iii) slander of title/commercial disparagement under Connecticut common law, (iv) fraudulent misrepresentation under Connecticut common law; (v) tortious interference with business expectancy under Connecticut common law, and (vi) unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110, et seq.

Plaintiff seeks an injunction against the Defendants from copying, publicly displaying, distributing, licensing, selling, and creating derivative works based on Plaintiff's four copyright-registered computer programs. Plaintiff also seeks monetary damages in the amount of its actual

14

damages and Defendants' profits from the infringing activity, compensatory and punitive damages on the state law claims, and its costs and attorneys' fees on its CUTPA claim.

In or about 2003, Henry Kurz, a German citizen and resident, began creating configurator and visualization software, comprised of four component computer programs, which he titled (a) CAL, a/k/a Configurator Abstraction Layer ("CAL"); (b) CALServer, a/k/a Configurator Abstraction Layer Server or CALWSServer ("CALServer"); (c) CALVisualization, a/k/a Configurator Abstraction Layer Visualization or Visualization Engine ("CALVisualization"); and (d) CALUi, a/k/a Configurator Abstraction layer User Interface or Visualization UI or WebConf ("CALUi") (collectively, the "Pre-LLC Software").

Each of the computer programs comprising the Pre-LLC Software is an original work of authorship and copyrightable subject matter under the laws of the United States, 17 U.S.C. § 101, et seq. As the sole creator and author of the Pre-LLC Software, Kurz was the exclusive owner of all right, title and interest therein.

On or about December 2, 2010, Kurz transferred exclusive rights in the copyright in the Pre-LLC Software, including the right to sublicense, to Henry Kurz Consulting GmbH ("HKC"), a German limited liability company, pursuant to a Software Transfer Agreement. Thereafter, HKC registered each of the four component computer programs comprising the Pre-LLC Software with the United States Copyright Office. HKC complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights the following Certificates of Registration: (1) Registration No. TX8-544-833 for the CAL program; (2) Registration No. TX8-539-598 for the CALServer program; (3) Registration No. TX8-539-596 for the CALVisualization program; and (4) TX8-544-841 for the CALUi program.

In or about December 21, 2010, Kurz, Naus, Husain and Nguyen decided to form a new entity named ConfigAir. Concurrent with his involvement with ConfigAir, Kurz continued to develop the Pre-LLC Software for HKC. Pursuant to Section 2(4) of the Software Transfer Agreement, exclusive copyright in all developments and edits to the Software were automatically transferred to HKC under the same terms and conditions. With HKC's permission and Kurz's oversight as a member, manager, Vice President and CTO of ConfigAir, ConfigAir began marketing, licensing, and distributing the Software to third parties in or about 2013.

In or about July 9, 2014, Naus organized ConfigAir s.r.o., a Czech entity (the "Czech Entity") wholly owned by Naus and his friend Ales Rastak. Naus directed employees and independent contractors of the Czech Entity to copy, alter and/or modify the Pre-LLC Software without a license.

On or about October 31, 2017, Kurz, on behalf of HKC, notified ConfigAir that it was no longer authorized to reproduce, publicly display, distribute, license, and/or sell the Pre-LLC Software or to make derivative works based on it. Thereafter, Naus, Husain and Nguyen have actively and knowingly caused ConfigAir to reproduce, publicly display, distribute, license and sell the Pre-LLC Software, or substantially similar versions thereof, to third parties, including but not limited to McLaren and the Doe Defendants, for their own commercial gain without HKC's authorization and without compensating HKC. In addition, McLaren and each of the Doe Defendants has copied, publicly displayed, distributed, licensed and/or sold the Pre-LLC Software to third parties for their own commercial gain without HKC's authorization and without compensating HKC. The Defendants' actions constitute direct, vicarious and/or contributory infringement of HKC's exclusive copyright in the Pre-LLC Software.

In addition, Naus directed the employees or independent contractors of the Czech Entity to translate the Pre-LLC Software into a different computer language that nevertheless generates screen displays that are substantially similar to those displayed by the Pre-LLC Software. The purpose of this effort was to conceal ConfigAir's continued reproduction, display, distribution, licensing and sale of the Pre-LLC Software. At Naus's direction and without HKC's knowledge or authorization, the Czech Entity employees or independent contractors translated HKC's copyrighted CAL program and re-titled it as "Universal Configurator Application" or "UCA", translated HKC's copyrighted CALServer program and re-titled it as "UCAServer", translated HKC's copyrighted CALVisualization program and re-titled it as "Big Picture", and translated HKC's copyrighted CALUi program and re-titled it as "React User Interface". Naus, Husain and Nguyen intend to cause ConfigAir to reproduce, publicly display, distribute, license and/or sell the translated Software to third parties for their own commercial gain without HKC's authorization. These actions by Naus, Husain, Nguyen and ConfigAir constitute direct, vicarious and/or contributory infringement of HKC's exclusive copyright in the Pre-LLC Software.

On or about December 19, 2017, HKC sent letters to several third-party users and potential users of the Pre-LLC Software, including Defendants McLaren notifying them that ConfigAir is no longer authorized to license the Pre-LLC Software to them and that, in the event ConfigAir creates software derived from the Software without HKC's authorization, their use of such unauthorized derivative software constitutes infringement of HKC's copyright in the Pre-LLC Software. Despite receiving actual notice of HKC's ownership of copyright in the Pre-LLC Software, McLaren and the Doe Defendants have continued to reproduce, publicly display, distribute, license and/or sell the Pre-LLC Software, or software derived from the Pre-LLC Software, without HKC's authorization and without compensating HKC. These actions by

McLaren and the Doe Defendants constitute direct, vicarious and/or contributory infringement of HKC's exclusive copyright in the Pre-LLC Software.

On December 29, 2017, Naus, Husain and Nguyen actively and knowingly caused ConfigAir's counsel to send letters to several third-party users and potential users of the Pre-LLC Software falsely stating that the code underlying the Pre-LLC Software is ConfigAir's "property." ConfigAir, Naus, Husain and Nguyen intended for the third-party users and potential users to rely on the false statement and to pay ConfigAir for their use of the Pre-LLC Software, or software derived from the Pre-LLC Software, without HKC's authorization and without compensating HKC. They further intended to disparage and impugn the integrity of HKC and diminish the value of HKC's rights in the Pre-LLC Software in the eyes of its users and potential users. As a result of the false statement, McLaren and the Doe Defendants continue to pay ConfigAir for their use of the Pre-LLC Software or software derived from the Pre-LLC Software without HKC's authorization and without compensating HKC. These actions by ConfigAir, Naus, Husan and Nguyen constitute slander of title/commercial disparagement of HKC, tortious interference with HKC's business expectancy, and unfair and deceptive trade practices.

Plaintiff seeks an injunction against the Defendants from copying, publicly displaying, distributing, licensing, selling, and creating derivative works based on Plaintiff's four copyright-registered computer programs.  Plaintiff also seeks monetary damages in the amount of its actual damages and Defendants' profits from the infringing activity, compensatory and punitive damages on the state law claims, and its costs and attorneys' fees on its CUTPA claim.

### C.      Defenses of ConfigAir, Messrs. Naus, Nguyen and Husain:

#### 1.      ConfigAir's Position:

ConfigAir originally filed Action I asserting the claims described above as against Henry Kurz.  After that lawsuit was filed, HKC, a German entity solely owned and operated by Kurz,

filed this civil action against ConfigAir and its existing members relating to the same software alleging claims for (i) willful copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101, et seq., (ii) vicarious and/or contributory copyright infringement under federal common law, (iii) slander of title/commercial disparagement under Connecticut common law, (iv) fraudulent misrepresentation under Connecticut common law; (v) tortious interference with business expectancy under Connecticut common law, and (vi) unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110, et seq.  Defendants will answer these claims when required to do so by the Federal Rules of Civil Procedure, but generally deny them and have already asserted a Partial Motion to Dismiss, which is currently pending before the Court.

### 2.       ConfigAir, Messrs. Naus, Nguyen and Husain Positions:

Defendants ConfigAir, Messrs. Naus, Nguyen and Husain have not had to assert their defenses as of yet due to the fact that their Partial Motion to Dismiss is currently pending before the Court.  As a result, they reserve the right to assert any and all defenses available to them when they are required to respond under the Federal Rules of Civil Procedure.  However, they generally deny all of HKC's claims because, among other reasons, the software is owned by ConfigAir subject to the terms of its Operating Agreement.

### 3.       McLaren's Position:

McLaren Automotive Limited ("MLA"), the parent company of McLaren, and ConfigAir entered into an Agreement for the Provision of Services dated November 13, 2017 (the "Agreement") that included, in part, a license of the ConfigAir Unreal Plugin (the "Software"). Under the Agreement, ConfigAir provided MLA with a non-exclusive, royalty free, worldwide, sub-license to use the Software.  In addition, ConfigAir represented and warranted that (a) it had

obtained all licenses, clearances, consents and authorizations necessary in connection with its obligations under the Agreement, and (b) the Software did not infringe any Intellectual Property rights or other rights owned by any third-party.  The Agreement provides that ConfigAir will "indemnify and hold harmless MLA against any and all for claims, actions, losses, damages, costs and expenses (including legal costs and expenses) incurred by McLaren or its Affiliates as a result or in connection with any allegation by a third party that the … the Software infringe[s] any Intellectual Property Right or other rights of any third party."  Agreement at 9.2.  As such, ConfigAir has agreed to indemnify McLaren.

HKC served a lawsuit on McLaren alleging copyright infringement and vicarious copyright infringement (the "Complaint").  HKC's claims against McLaren are "user" or "customer" claims—allegations centered on McLaren's use of the Software.  HKC asserts that it is the owner of the Software and that ConfigAir never owned the copyrights in Software and was only provided permission to license the Software.  Complaint at ¶ 36.  Conversely, in its action against HKC, ConfigAir claims that it owns the copyrights to the Software.  Thus, the dispute between HKC and ConfigAir is an "ownership" claim.  Resolution of the "ownership" claim between HKC and ConfigAir is a predicate to the user claim asserted against McLaren.  In other words, in the event ConfigAir's ownership claim is successful, HKC's user claim against McLaren is rendered moot.

## IV.    Statement of Undisputed Facts

Counsel certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute.  At this time, the Parties were unable to determine that there are any material facts that are not in dispute.

## V.    Case Management Plan

The parties propose the following Case Management Plan:

**A.    Initial Disclosures**

Initial disclosures were already served with regard to Action I.  Except as to McLaren, initial disclosures with regard to the claims asserted in Action II will be served by February 1, 2019.  McLaren will serve initial disclosures, to the extent necessary, upon resolution of the dispute between ConfigAir and HKC regarding ownership of the Software.

**B.    Scheduling Conference**

1.    The parties do not request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.    The parties prefer that a scheduling conference, if held, be conducted by telephone.

**C.    Early Settlement Conference**

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time, but may be enhanced after the parties have produced relevant documents, obtained documents from key third party witnesses, and completed depositions of the parties and key witnesses.

2.    The parties do not request an early settlement conference.

3.    The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.      **Joinder of Parties, Amendment of Pleadings, and Motions Address to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.      **ConfigAir, Messrs. Naus, Nguyen and Husain's Position:**

ConfigAir objects to joining any additional third parties.  If Kurz and/or HKC intend to join any additional third parties, then ConfigAir, Naus, Nguyen, and Husain request that the Court require Kurz and/or HKC to seek leave and provide the Court with a showing of good cause for its delay.  ConfigAir, Naus, Nguyen, and Husain request 14 days after service of process to in which to file a response to any amended Complaint.  Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2.      **Henry Kurz and HKC Positions:**

Kurz intends to seek leave to amend the allegations in paragraphs 44, 46, 47-48, and 52-53 of its Counterclaims.

HKC intends to amend its Complaint to name the Doe Defendants once their identities have been disclosed by ConfigAir, Mr. Naus, Mr. Husain and Mr. Nguyen.  HKC should be allowed until February 15, 2019 to file motions to join additional parties and/or amend the pleadings.  Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

E.      **Discovery**

      1.      A Post-Discovery Telephonic Status Conference shall be held on September 30, 2019.

      a.      Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).  At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

      **(1)      ConfigAir, Messrs. Naus, Nguyen and Husain's Positions:**

Kurz has been on notice of this case since at least October 2017.  There is no basis for expedited discovery, other than the continued harassment of ConfigAir's business relationships and other third parties.

      **(2)      McLaren's Position**:

Discovery as to the customer claims against McLaren in Action II should be stayed pending resolution of the ownership claims asserted in Action I.  *See Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977) (in the patent realm courts have traditionally "looked with disfavor on 'customer suits' … and favor suits between the patentee and the accused manufacturer"); *Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177 (2d Cir. 1969) ("patent suits against customers are routinely stayed pending a determination of the main action between the patentee and the manufacture"); *see also Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 2004 U.S. Dist. LEXIS 4698 (N.D. Ill. March 23, 2004) ("Separating the issues of liability and damages for the purposes of discovery will avoid unnecessary time and expense and further the interest of expedition by expediting the decision on

23

liability. A verdict of no liability for infringement would render discovery on the damages issue

unnecessary."); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012)

("'[T]he power to stay proceedings is incidental to the power inherent in every court to control

the disposition of the causes on its docket with economy of time and effort for itself, for counsel,

and for litigants.'").  Further, in the interest of efficiency, McLaren should be permitted to attend

and participate in litigation proceedings related to the ownership claims (including discovery as

between the parties to the ownership claims).

**(3)**      **Kurz and HKC's Positions:**

Kurz contends that discovery unrelated to mobile configuration software development,

the Pre-LLC Software, or the software marketed, distributed, licensed and/or sold by ConfigAir

or ConfigAir s.r.o. is beyond the "needs of the case" and should not be required.

HKC contends that discovery unrelated to the Pre-LLC Software or the software

marketed, distributed, licensed and/or sold by ConfigAir, Naus, Husain, Nguyen, ConfigAir

s.r.o., McLaren or the Doe Defendants is beyond the "needs of the case" and should not be

required.

         b.      Without waiving their right to include additional subjects and/or to

         object to any of the following subjects of discovery at the appropriate time, the

         parties anticipate that discovery will be needed on the following subjects:

**(1)**      **ConfigAir, Mr. Naus, Husain and Nguyen Positions:**

Without prejudice to their rights to seek discovery on any relevant issues, ConfigAir, Mr.

Naus, Mr. Husain, and Mr. Nguyen contemplate that they will need and seek discovery

concerning: Kurz's communications with ConfigAir's employees, customers, and other third-

parties regarding ConfigAir and its software; Kurz's communications with ConfigAir's

24

competitors; Kurz's communications with others regarding ConfigAir or its business; Kurz's possession, disclosure and/or use of ConfigAir's confidential or proprietary information; Kurz's work on software and efforts regarding software that compete s with ConfigAir; damage to ConfigAir's reputation as a result of Kurz's conduct and communications with third-parties; ConfigAir's loss of customers and/or business opportunities as a result of Kurz's conduct and communications with third-parties; Kurz's actions that compete in any way with ConfigAir; ConfigAir's loss of employees, employee goodwill, or employee productivity as a result of Kurz's conduct and communications with third-parties; the basis of HKC's and Kurz's claims against them, including theories of liability and damages, ConfigAir, Mr. Naus, Mr. Husain, and Mr. Nguyen's defenses to each, and any and all factual, evidentiary, and legal support.

### (2)   McLaren's Position:

Discovery as to the customer claims should be stayed pending resolution of the other parties' dispute as to ownership of the Software.  *See, supra*, § V.E.1.(a)(2).  In the event of a stay, McLaren anticipates participating in discovery as to the subjects and issues identified by ConfigAir, and with specific regard to the ownership of the Software, by receiving any discovery exchanged between the parties to the ownership dispute and attending depositions.  In the event the underlying ownership dispute is resolved in HKC's favor, without prejudice to their rights to seek discovery on any relevant issues, McLaren otherwise anticipates seeking discovery on the customer allegations raised by HKC in its Complaint against McLaren and on the defenses and affirmative defenses raised by McLaren in its Answer.  In particular, McLaren would need to engage in discovery on whether (i) ConfigAir or other third-parties copied or had access to the software ConfigAir licensed to McLaren and (ii) that copied software is substantially similar to software owned by HKC.  In addition, copyright law protects only an original expression, not

ideas or elements taken from pre-existing works or open-source software. Infringement is shown

by a substantial similarity of protectable expression, not just an overall similarity between the

lines of code. McLaren will need to undertake discovery as to which elements of the software

that HKC alleges is protected by copyright were used in the software ConfigAir licensed to

McLaren.  More specifically, this analysis is divided into three steps: abstraction of the plaintiff's

program, filtration out of nonprotectable elements found therein, and a subsequent comparison

between the remaining "golden nugget" and the particular software licensed to McLaren.   In

addition, McLaren would need to seek discovery on damages, if any.

**(3)     Kurz and HKC's Positions:**

Kurz will need to conduct further discovery regarding all of the claims and defenses

asserted in ConfigAir's Second Amended Complaint, Kurz's Answer and Affirmative Defenses

to Second Amended Complaint, Kurz's Counterclaims, ConfigAir's Answer and Affirmative

Defenses to Counterclaims, and Kurz's Amended Third-Party Complaint.  Naus, Husain and

Nguyen have not filed an Answer to Kurz's Amended Third-Party Complaint pending the

Court's ruling on their motion to dismiss.  Kurz reserves the right to seek discovery on issues

that may be identified in the Answer and during the proceedings in this action.  Specifically,

Kurz anticipates that further discovery will be needed on the following subjects:

i.      ConfigAir, Naus, Husain and Nguyen's communications with third parties
concerning Kurz, the Pre-LLC Software, and software marketed, distributed, licensed and/or sold
by ConfigAir or ConfigAir s.r.o.

ii.     Documents concerning the development of the Pre-LLC Software and any
software marketed, distributed, licensed and/or sold by ConfigAir or ConfigAir s.r.o.

iii.    Communications between or among ConfigAir, Naus, Husain and Nguyen
concerning Kurz, HKC, the Pre-LLC Software, and software marketed, distributed, licensed
and/or sold by ConfigAir or ConfigAir s.r.o.

26

iv.     Documents concerning agreements between ConfigAir and third parties concerning the Pre-LLC Software and software marketed, distributed, licensed and/or sold by ConfigAir or ConfigAir s.r.o.

HKC will need to conduct discovery regarding all of the claims and defenses asserted in its Complaint and McLaren's Answer and Affirmative Defenses.  HKC does not object to a stay of the claims against McLaren in Action II pending resolution of the ownership claims asserted by ConfigAir and Kurz in Action I and by HKC in Action II.  ConfigAir, Naus, Husain and Nguyen have not filed an Answer to HKC's Complaint pending the Court's ruling on their partial motion to dismiss.  HKC reserves the right to seek discovery on issues that may be identified in the Answer and during the proceedings in this action.  HKC anticipates that discovery will be needed on the following subjects:

i.      Each of the Defendants' access to the Pre-LLC Software.

ii.     The substantial similarity between the Pre-LLC Software and the software reproduced, publicly displayed, distributed, licensed and/or sold by each of the Defendants.

iii.    The identity of every individual or entity, to whom each of the Defendants has distributed, licensed and/or sold the Pre-LLC Software, or a substantially similar computer program, since November 1, 2017.

iv.     Agreements between ConfigAir and McLaren.

v.      Agreements between ConfigAir and any other recipient of the Pre-LLC Software from ConfigAir.

vi.     Agreements between McLaren and its sales representatives.

vii.    Agreements between each of the recipients of the Pre-LLC Software from ConfigAir, on the one hand, and their respective sales representatives, on the other.

viii.   The relationship between ConfigAir, on the one hand, and the Czech Entity, on the other.

ix.     Naus's knowledge and concealment of the Czech Entity's ownership since July 2014.

x.      The Czech Entity's access to the Pre-LLC Software.

xi.     The facts and circumstances concerning the creation by the Czech Entity or any of the Defendants of any software derived from the Pre-LLC Software.

xii.     The identity of every individual or entity, to whom the Czech Entity has distributed, licensed and/or sold the Pre-LLC Software or a substantially similar computer program.

xiii.     Gross revenues received by each of the Defendants and the Czech Entity from the license and/or sale of the Pre-LLC Software, a substantially similar computer program, and any work derived from the Pre-LLC Software.

xiv.     Any deductible expenses from Defendants' gross revenues or elements of profit attributable to factors other than the Software.

xv.     The identity of each recipient of the letter from ConfigAir's counsel falsely stating that the Software is ConfigAir's "property".

xvi.     ConfigAir's knowledge of HKC's rights in the Software at the time it made the false statement that the Pre-LLC Software is ConfigAir's "property".

xvii.     ConfigAir's intent when it made the false statement that the Pre-LLC Software is ConfigAir's "property".

xviii.     Naus's knowledge of HKC's rights in the Pre-LLC Software at the time he caused ConfigAir to make the false statement that the Pre-LLC Software is ConfigAir's "property".

xix.     Naus's intent when he caused ConfigAir to make the false statement that the Pre-LLC Software is ConfigAir's "property".

xx.     Husain's knowledge of HKC's rights in the Pre-LLC Software at the time he caused ConfigAir to make the false statement that the Pre-LLC Software is ConfigAir's "property".

xxi.     Husain's intent when he caused ConfigAir to make the false statement that the Pre-LLC Software is ConfigAir's "property".

xxii.     Nguyen's knowledge of HKC's rights in the Pre-LLC Software at the time he caused ConfigAir to make the false statement that the Pre-LLC Software is ConfigAir's "property".

xxiii.     Nguyen's intent when he caused ConfigAir to make the false statement that the Pre-LLC Software is ConfigAir's "property".

c.     Discovery has already commenced.  All discovery, including

depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be

completed by September 20, 2019.

28

d.      Discovery will be conducted in phases.

e.      Fact discovery will be completed by July 31, 2019.  Expert discovery will be completed by September 20, 2019.

f.      The parties anticipate that ConfigAir, Naus, Husain and Nguyen will require a total of ten depositions of fact witnesses, and Kurz and HKC will similarly anticipate a total of ten depositions of fact witnesses.  McLaren anticipates witnesses depositions of each individual identified in HKC's initial disclosures.  The depositions will commence in March 2019, and will be completed by July 31, 2019.

g.      The parties do not anticipate a need to exceed the number of interrogatories provided for under the Federal Rules of Civil Procedure, but reserve the right to seek relief at a later time.

h.      ConfigAir, Naus, Husain and Nguyen intend to call expert witnesses at trial.  Kurz and HKC intend to call expert witnesses at trial.

i.      The parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by June 30, 2019.  Depositions of any such experts will be completed by July 31, 2019.

j.      The parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by August 30, 2019. Depositions of such experts will be completed by September 20, 2019.

k.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by June 30, 2019.

l.      Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties have agreed to the following procedures for the preservation, disclosure and management of electronically stored information: Electronically stored information may be produced in PDF format. The parties shall maintain native-format versions of all documents produced in this manner and shall produce the native-format versions in the event that the requesting party demonstrates a reasonable need for production in native format. The parties will meet and confer and attempt in good faith to resolve any dispute regarding the need to produce documents in native format before seeking the intervention of the Court.  The parties do not anticipate that the volume of potentially discoverable documents is such that an agreement regarding appropriate search terms for the collection of documents will be necessary.  Each

party shall bear the cost of identifying, collecting, and producing responsive documents in its possession.

m.    Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure, and management of such information: The parties agree to preserve and produce such documents in accordance with the obligations imposed by the Federal Rules of Civil Procedure.  The parties do not anticipate that the volume, organization, or location of such documents is such that an agreement is necessary regarding the method of production or cost of retrieval.

n.    Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after Production.  The parties agree to the following procedures for asserting claims of privilege after production: The attorney-client privilege, work product protection, or any other privilege or protection are not waived by disclosure of such information in this litigation.  The production of privileged or work product protection documents, whether in electronically stored information or other materials, is not a waiver of the privilege or protection in this case or in any other federal or state proceeding.  If any privileged or work product protected documents are produced, the receiving party shall, at the request of the producing party, promptly return such documents (and all copies thereof), including all later

31

created excerpts, summaries, compilations, and other documents or records that

include, communicate, or reveal the information claimed to be privileged or

protected.  A receiving party who receives a document that it knows or reasonably

should know is privileged shall notify the producing party immediately upon

discovery of the document.  This agreement shall be interpreted to provide the

maximum protection allowed by Federal Rule of Evidence 502(d).

**F.      Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this

case [e.g., class certification, claim construction]: None anticipated at this time.

**G.      Summary Judgment Motions**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or

before October 15, 2019.

**H.      Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil

Cases will be filed within 30 days of the Court's ruling on any dispositive motions that leaves

open for trial any issue of material fact, or in the event no such motions have been filed, October

31, 2019.

**I.      Trial Readiness**

If dispositive motions are filed, the case will be ready for trial within 30 days of the filing

of the Joint Trial Memorandum.  If no dispositive motions are filed, the case will be ready for

trial within 45 days of the filing of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

CONFIGAIR LLC, DANIEL NAUS, NIZWER HUSAIN, AND
DUNG NGUYEN


By:   /s/ Rebecca Brazzano                          Date: January 11, 2019
Rebecca Brazzano (ct18443)
THOMPSON HINE LLP
335 Madison Avenue
12th Floor
New York, NY  10017-4611
Tel. (212) 344-3941
Fax (212) 344-6101
Email: Rebecca.Brazzano@ThompsonHine.com



HENRY KURZ AND HENRY KURZ CONSULTING GMBH


By: /s/ Jessica S. Rutherford                       Date: January 11, 2019
Jessica S. Rutherford (ct27273)
FERDINAND IP, LLC
1221 Post Road East, Suite 302
Westport, Connecticut 06880
Tel: (203) 557-4224
Fax: (203) 905-6747
Email: jrutherford@24iplg.com



MCLAREN AUTOMOTIVE, INC.


By:   /s/ John C. McElwaine                         Date: January 11, 2019
John C. McElwaine (pro hac vice)
Nolan J. Mitchell (pro hac vice)
Patrick T. Uiterwyk (ct28119)
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, Massachusetts 02109
p. (617) 217-4700
f. (617) 217-4710
john.mcelwaine@nelsonmullins.com
nolan.mitchell@nelsonmullins.com
patrick.uiterwyk@nelsonmullins.com