# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONFIGAIR LLC, | ) |
|     Plaintiff/Counterclaim Defendant, | ) LEAD DOCKET NO.<br>) 3:17-CV-02026-JBA<br>) U.S.D.C./NEW HAVEN |
| v. | ) |
| | ) Judge Janet Bond Arterton |
| HENRY KURZ, | ) |
|     Defendant/Counterclaimant. | ) |

## MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT FEDERAL RULES OF CIVIL PROCEDURE, RULE 11

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, ConfigAir LLC, Daniel Naus, Nizwer Husain, and Dung Nguyen (collectively, "ConfigAir") respectfully submit this Memorandum of Law in support of their Motion for Sanctions ("Motion"). As set forth herein, certain factual contentions in Kurz's Counterclaim ("Countercl.") [Dkt. 46] and his Memorandum of Law in Opposition to ConfigAir's Motion for Judgment on the Pleadings ("Opp. to MJP") [Dkt. 52] lack evidentiary support. Accordingly, ConfigAir respectfully requests that the Court grant its Motion enter an order striking the factual allegations that lack evidentiary support and requiring Kurz and his attorneys to pay ConfigAir's reasonable costs, including attorneys' fees, incurred as a result of Kurz's Rule 11 violation.

## I.   INTRODUCTION AND FACTUAL BACKGROUND

Henry Kurz, by and through counsel, has made representations to this Court that are completely devoid of evidentiary support. It is not possible for Kurz to garner evidentiary support for his factual contentions through investigation because discovery has already revealed that the representations at issue are simply false.

In his Counterclaim, Kurz alleges as follows:

43.   On or about July 9, 2014, Naus organized ConfigAir s.r.o., a Czech limited liability company, for the purpose of engaging software developers in the Czech Republic.

44.   Naus represented to the Company's members that 70% of ConfigAir s.r.o. was owned by the Company, and 30% of ConfigAir s.r.o. was owned by Naus's friend, Ales Rastak.

45.   In fact, the Company did not own any interest in ConfigAir s.r.o. Naus owned a 90% interest in ConfigAir s.r.o., and Rastak, owned a 10% interest in ConfigAir s.r.o.

46.   Naus knew, but failed to disclose, the true owners of ConfigAir s.r.o., including the fact that he was a majority owner of ConfigAir s.r.o., to the Company's other members or its board of directors.

1

(Countercl. [Dkt. 46], Page 27 of 66, ¶¶ 43-46). Kurz reiterates these factual contentions in his Opposition to ConfigAir's Motion for Judgment on the Pleadings. (Opp. to MJP [Dkt. 52], Page 15 of 37) ("Naus knew, but failed to disclose, the true owners of the Czech Entity, including the fact that he was a majority owner of the Czech Entity, to the Company's other members or its board of directors.").

Kurz's contention that Naus failed to disclose his majority ownership interest in ConfigAir s.r.o. to Kurz and the other members in 2014 is unequivocally refuted by Kurz's own contemporaneous written communications. In a May 23, 2014 email from Naus to Kurz and the other members of ConfigAir, Naus informed the other members of the following:

> Ales and I went to the notary public yesterday and again today in order to start the paperwork for the Czech branch of configair. Unfortunately the US documents were not acceptable to the Czech authorities in order to have ConfigAir LLC figure as the founder of ConfigAir s.r.o. Long story but a workaround is below.
>
> So to get the process started and not delay further we have decided to do the following:
>
> - incorporate ConfigAir s.r.o (pending verification of the uniqueness of name, should be borderline OK as the closest other name is Config s.r.o)
>
> - 90% of ownership is with myself personally, 10% is with Ales as previously agreed
>
> - seat of business is Ales' home address
>
> - Ales is the authorized person for company business (in Czech "jednatel"), so that he can proceed with all paperwork

(Declaration of Rebecca A. Brazzano ("Brazzano Decl.") Ex. A). On the same day, Kurz responded to Naus' email as follows:

> We knew it would not be easy. Super that you went ahead with it. We should celebrate this day as this is a very important step for our future. Where is the Champagne? ;-)

(*Id.*). ConfigAir produced this email string in discovery on November 28, 2018 as CONF00162—CONF00163. (*Id.* ¶ 3). On December 6, 2018, counsel for ConfigAir sent a letter

2

to Kurz's counsel providing notice of the Rule 11 violation and demanding that Kurz correct his misrepresentations to the Court within seven days. (*Id.* ¶ 2 & Ex. A). Kurz failed and refused to correct the record. (*Id.* ¶ 2). On December 20, 2018, counsel for ConfigAir served a copy of the instant Motion on Kurz's counsel in accordance with Federal Rule of Civil Procedure 11(c)(2). (*Id.* ¶ 4).

## II. LEGAL ARGUMENT

Sanctions are warranted under Federal Rule of Civil Procedure 11(c) because Kurz knew that his factual contentions lacked evidentiary support when he made them. Moreover, Kurz's counsel has been on notice of the false representations contained in Kurz's pleadings since, at the latest, December 6, 2018 and has not taken any steps to correct those misrepresentations.

Rule 11 of the Federal Rules of Civil Procedure governs an attorney's obligations with respect to representations made to the Court:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(3). A pleading or other court filing violates Rule 11 "'where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact.'" *Malkan v. Mutua*, 699 Fed. Appx. 81, 83 (2d Cir. 2017) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002)). "'The mental state applicable to liability for Rule 11 sanctions initiated by motion is objective unreasonableness, i.e., liability may be imposed if the lawyer's claim to have evidentiary support is not objectively reasonable.'" *Malkan*, 699 Fed. Appx. at 83 (quoting *In re Pennie & Edmonds LLP*, 323 F.3d 86, 91 (2d Cir. 2003)). "Totally unsupported factual contentions are sanctionable under Rule 11(b)(3)." *In re Star Gas Sec. Litig.*, 745 F. Supp. 2d 26, 33 (D. Conn. 2010) (finding Rule 11 violation where

3

allegations supporting fraud claim "utterly lacked evidentiary support" and actual timeline of events "would have made it impossible for Plaintiffs to prove" that alleged misrepresentations occurred) (Arterton, J.).

In the present case, Kurz's factual contentions that Naus "failed to disclose[] the true owners of ConfigAir s.r.o., including the fact that he was a majority owner of ConfigAir s.r.o., to the Company's other members or its board of directors" is totally unsupported. (Countercl. ¶ 46; *see also* Opp. to MSJ, Page 15 of 37). Kurz did not qualify these allegations by stating that they "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Nor could he. As demonstrated by Naus' May 24, 2014 email and Kurz's response, Kurz knew that his allegations lacked evidentiary support when he made them. (Brazzano Decl. Ex. A). In his email, Naus clearly notified Kurz and ConfigAir's other members that upon formation of ConfigAir s.r.o., Naus would personally own a 90% interest in that entity and Ales would own 10%. (*Id.*). As Kurz's response establishes, he was not only aware of the ownership structure of ConfigAir s.r.o. at the time of its formation, but he also encouraged Naus to proceed. (*Id.*).

ConfigAir formally notified Kurz and his counsel of the inaccurate representations on December 6, 2018. (*Id.* Ex. A). In light of the contemporaneous communications between the members of ConfigAir, any claim that Kurz's factual contentions have evidentiary support is objectively unreasonable. Upon reviewing those communications, no competent attorney could form a reasonable belief that Kurz's allegation that Naus concealed his ownership interest in ConfigAir s.r.o. from Kurz and the other members is "well grounded in fact." *Malkan*, 699 Fed. Appx. at 83. By making "[t]otally unsupported factual contentions" and by failing to correct those misrepresentations to the Court after receiving formal notice of them, Kurz and his counsel violated Federal Rule of Civil Procedure 11(b). *In re Star Gas Sec. Litig.*, 745 F. Supp. 2d at 33.

4

This egregious conduct justifies the imposition of sanctions "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Accordingly, the Court should exercise its discretion to strike paragraphs 44 and 46 of Kurz's Counterclaim and all factual contentions based upon those unsupported allegations in Kurz's Opposition to ConfigAir's Motion for Judgment on the Pleadings as a nonmonetary sanction for his Rule 11 violation. Fed. R. Civ. P. 11(c)(4). Because the instant Motion was necessitated by Kurz's sanctionable conduct, the Court should also order Kurz and his counsel to pay ConfigAir's reasonable attorneys' fees and other expenses directly resulting from the violation. Fed. R. Civ. P. 11(c)(2) & (4).

### III. CONCLUSION

For the foregoing reasons, ConfigAir respectfully requests that the Court grant its Motion and enter an order striking Kurz's totally unsupported factual contentions and awarding ConfigAir its reasonable attorneys' fees and other expenses resulting from Kurz's violation of Rule 11 of the Federal Rules of Civil Procedure.

Dated: February 7, 2019                              Respectfully submitted,

                                                     /s/ Rebecca A. Brazzano
                                                     Rebecca A. Brazzano (18443)
                                                     THOMPSON HINE LLP
                                                     335 Madison Avenue
                                                     12th Floor
                                                     New York, NY  10017-4611
OF COUNSEL:                                          Tel. (212) 344-3941
                                                     Fax (212) 344-6101
Anthony J. Hornbach                                  Email: Rebecca.Brazzano@ThompsonHine.com
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, OH  45202
Tel. (513) 352-6721
Fax  (513) 241-4771
Email: Tony.Hornbach@ThompsonHine.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the February 7, 2019, a true copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 11 was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Rebecca A. Brazzano
Rebecca A. Brazzano