UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONFIGAIR LLC, ) | Lead Docket No.: |
| ) | 3:17-cv-02026 (JBA) |
| Plaintiff/Counterclaim Defendant, ) | U.S.D.C./New Haven |
| ) | |
| v. ) | Judge Janet Bond Arterton |
| ) | |
| HENRY KURZ ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| ) | May 9, 2019 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR WITHDRAWAL OF APPEARANCE**

Edmund J. Ferdinand, Jessica S. Rutherford and the firm of Ferdinand IP, LLC submit this memorandum of law in support of their motion for withdrawal of appearance as counsel of record for defendant/counterclaimant/third-party plaintiff Henry Kurz ("Kurz") and plaintiff Henry Kurz Consulting GmbH ("HKC") in the above-captioned case, pursuant to Local Rule 7(e) of Civil Procedure.

FACTS

The facts in support of this application are set forth separately in the Declaration of Jessica S. Rutherford, dated May 9, 2019 ("Rutherford Declaration"), which will be filed under seal to protect the attorney-client privilege.

ARGUMENT

The Court "has a great deal of discretion in deciding a motion for withdrawal of counsel." *Vachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 457 (D.Conn. 2000) (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). Local Rule 7(e) of Civil Procedure provides that the Court may grant an appearing counsel's motion to withdraw where "good cause exists for

permitting the withdrawal…after notice to the party that failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party." D. Conn. L. Civ. R. 7(e).

"As a first step in considering counsel's request, the court looks to the Rules of Professional Conduct as approved by the Judges of the Connecticut Superior Court…to determine whether withdrawal is permissive or mandatory given the facts presented." *Eaton v. Coca-Cola Co.*, 640 F.Supp. 2d 203, 206 (D. Conn. 2009) (quoting *Vachula*, 199 F.R.D. at 457). Rule 1.16(a) of the Connecticut Rules of Professional Conduct ("CRPC") provides that withdrawal is mandatory where the lawyer is discharged. See, *CP Solutions PTE, Ltd. v. General Elec. Co.,* 550 F.Supp.2d 298 (2008) (finding *de facto* termination of the attorney-client relationship where client and attorney are adversaries).  In addition, Rule 1.16(b) of the CRPC provides for permissive withdrawal if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;" or when "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client."  *Sawant v. Ramsey*, 2009 WL 10688162, at *1 (D. Conn. June 19, 2009) (quoting *Philadelphia Indem. Ins. Co. v. Atlantic Risk Mgmt., Inc*., CV064018752s, 2007 Conn. Super. LEXIS 1963, at *3 (Conn. Super. July 27, 2007)).

"Attorneys '[c]ertainly…are not required to finance the litigation or render gratuitous services.'" *Id*.  In *Philadelphia Indemn. Ins*., the court found good cause for withdrawal where the attorneys had "not been paid legal fees for substantial pretrial work, and [the firm was] a boutique firm that [could] not continue to represent the defendant in [a] 'complex, multi-million dollar litigation.'" 2007 WL 2363489, at *1.

Moreover, "when there has been 'an irreparable breakdown in [the] attorney-client relationship,' withdrawal of representation is often 'warranted,' and in circumstances of conflict of interest, even 'required.'" *Westchester Fire Ins. Co. v. Enviroguard, LLC*, 2014 WL 2881507, at *2 (D. Conn. June 25, 2014) (quoting *CP Solutions PTE Ltd.*, 550 F.Supp.2d at 302). See also, *Matza v. Matza*, 226 Conn. 166, 183-184, (1993) (permitting withdrawal where there has been an irreparable breakdown in the attorney-client relationship); *Eaton,* 640 F.Supp.2d at 206 (finding "good cause" for counsel to withdraw where counsel's relationship with client was "irrevocably broken").

The Rutherford Declaration sets forth the following reasons for the request for leave to withdraw as counsel for Kurz and HKC: the clients' substantial failure to fulfill an obligation to the lawyer regarding the lawyer's services following reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; continued representation will result in an unreasonable financial burden on the lawyer; irreparable breakdown in the attorney-client relationship; and *de facto* discharge.

Withdrawal will not prejudice the other parties or interfere with the administration of justice.  Any new counsel Kurz and HKC retain will have ample opportunity to familiarize herself with this case.  Discovery is still in its early stages and is not due until September 20, 2019, per the current scheduling order. [Doc. #81].  All pending motions have been fully briefed, and the hearing is not scheduled until June 10, 2019—30 days away.  Trial is not anticipated until April 2020.

Meanwhile, this action will require considerable legal work, including the aforementioned hearing, a settlement conference scheduled for June 4, 2019, and numerous depositions, as well as the retention of expert witnesses.  If funds will not be available for

preparing for hearings and conferences, conducting and defending depositions and paying the experts, the ability of counsel to provide adequate representation will be severely limited. Counsel will not be able to absorb the expense that this action will generate.

It is respectfully submitted that counsel has shown sufficient reason to be granted leave to withdraw their appearances on behalf of Kurz and HKC in this action.

Dated: May 9, 2019

Respectfully submitted,

By  /s/ Jessica S. Rutherford
Jessica S. Rutherford
ct27273
jrutherford@24iplg.com
Edmund J. Ferdinand, III
ct21287
jferdinand@24iplg.com
FERDINAND IP, LLC
1221 Post Road East, Suite 302
Westport, Connecticut 06880
Telephone: (203) 557-4224
Facsimile: (203) 905-6747

*Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff, Henry Kurz, and Plaintiff Henry Kurz Consulting GmbH*

CERTIFICATE OF SERVICE

I hereby certify that on this May 9, 2019 a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR WITHDRAWAL OF APPEARANCE was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. I further certify that it was served by electronic mail and by Federal Express to Henry Kurz and Henry Kurz Consulting GmbH.

    /s/Jessica S. Rutherford
Jessica S. Rutherford